1. ADMINISTRATOR—CONTEMPT—RELEASE FROM IMPRISONMENT.

　　Where an administrator has been imprisoned for civil contempt on failure to pay a sum of money representing his devestavit of an estate in accordance with the decree of a surrogate, he will not be discharged under Code Civ. Proc. § 2286, providing for such discharge, on evidence that the prisoner has no money, and is unable to pay the debt in question, where his statement to that effect is uncorroborated, and it is also shown that he was guilty of fraud and perjury, and fled from the jurisdiction on the day before the decree was entered upon the decision of the surrogate to that effect.

2. SAME—DISCHARGE IN BANKRUPTCY.

　　That an administrator imprisoned for contempt in failing to make good devestavit has been adjudicated a bankrupt, is no reason why he should be discharged from imprisonment.

In the matter of the settlement of the account of John H. Collins and Sadie H. Feierabend, administrators of Daniel M. Collins, deceased. Application of Collins to be released from imprisonment. Denied.

See 77 N. Y. Supp. 1106.

Hamilton & Beckett, for administratrix Sadie E. Feierabend.

James W. Ridgway, for John H. Collins.

CHURCH, S. This is an application by John H. Collins, one of the administrators of the decedent's estate, to be released from imprisonment under an order and warrant of this court on October 23, 1902, by which he was adjudged guilty of a contempt, on the ground that he is unable to pay the fine imposed. This is the sole ground alleged in the motion papers, and upon the argument of the motion the counsel for the prisoner claimed that it was solely on account of his inability to pay the fine that the motion was made. The answering affidavit filed by the prisoner, however, contains some allegations with reference to his ill health. As this stands absolutely uncorroborated, and is contrary to the express avowal of his counsel, it will be presumed that it is not urged as a ground for the granting of this motion.

¶ 2. See Contempt, vol. 10, Cent. Dig. § 282.

The statement of the prisoner that he is unable to pay any money is uncorroborated, and consists solely in the allegation that on September 3d he received $5,000 from the sale of certain property; that he lost this sum of money on the race tracks; and that at the time that he was imprisoned he had but $200, which sum he has since expended. The circumstances which led up to the decree directing Collins to pay this money are fully reported in the Matter of Feierabend, 38 Misc. Rep. 524, 77 N. Y. Supp. 1106. The prisoner's explanation, as above given, is uningenuous, the real facts being that the prisoner, after the above decision, continued the business until the day before he knew the decree was likely to be entered, when he sold out this entire property, and fled from the jurisdiction of the court until a few days before the contempt papers were issued herein. The provisions of the section of the Code in question (2286) seem to me to be intended to apply to a person who has been directed to pay a sum of money, and who is unable to do so by reason of business misfortunes, or some other proper reason; and it does not seem to me that it was intended that the discretion and clemency of the court was intended to be extended to a person who, in anticipation of a judgment of the court, deliberately flees from the jurisdiction of the court, after conducting a fraudulent sale, the obvious intention of which was to nullify the effect of any decree which the court might make. The prisoner, therefore, does not stand in any position to claim sympathy from the court, and the motion might well be denied on this ground alone.

But the papers in the case do not satisfy me that the prisoner has no money, and is unable to pay the debt in question, which is, by this section of the Code, a prerequisite to the granting of the motion. By the decision in this case it was found that Collins was guilty, not alone of misconduct as an administrator, but of actual fraud and perjury, and his conduct in fleeing from the jurisdiction of the court was a tacit admission that these findings were correct. With this reputation for truth and veracity, therefore, there should be something else submitted to the court beyond his unsupported word to justify its receiving any credence. In opposition it appears by the affidavit of Detective Sergeant Stephen A. Donlon, and also by the affidavit of one J. Edward Orr, a private detective, that at the time that Collins was arrested he stated that he had "$10,000 put away," and that "these people," evidently referring to his creditors, "could go dig for it." He also stated that, instead of losing money on the race track, that he had actually made some. Counsel for the prisoner tries to explain away this evidence by the contention that the evidence of a detective is worth nothing. It is true that under certain circumstances the evidence of a detective should be carefully scrutinized, but there is no principle of law or justice which permits a court, or anybody else, to disregard statements of a detective. The detectives in question are reputable persons, conducting not only a legitimate, but a very proper and necessary, business for the protection of the community; and neither their evidence nor their conduct has at any time been the subject of adverse criticism. The particular statements in question did not go to the merits of the matter which they had un-

der advisement, and I believe their statements that Mr. Collins made these remarks. I can readily understand that a man who is a fugitive from justice, and occupies the position which this man Collins did, would be perfectly willing to submit to a short term of imprisonment, if he might, by so doing, retain his ill-gotten gains.

He pleads that he has been adjudged a bankrupt. This is no reason why this motion should be granted; on the contrary, it seems to me that it rather tends to corroborate the theory that, being adjudged a bankrupt, he would be free from the payment of any of his old debts, and, if he could serve a short term of imprisonment, and get released under a motion of this kind, that then he would be entitled to hold this money absolutely beyond the reach of any one.

The circumstances in this case are not nearly as favorable for the prisoner as those in the Matter of Steinert, 29 Hun, 301, and in that case it was held that the prisoner should not be discharged. It therefore seems to me that to discharge this man would be unwarranted.

Motion denied.