### In re CANAKOS.

(Supreme Court, Appellate Term.　June 30. 1908.)

CONTEMPT—FINE—IMPRISONMENT—DISCHARGE.

　　Code Civ. Proc. § 2286, authorizing the court to discharge one committed for failure to pay a fine for disobeying an order of court, on affidavit that he is unable to pay the fine, does not justify the court in discharging one on his uncorroborated affidavit that he is unable to pay the fine; and

the court has no inherent power to release him as a matter of grace only, or because the court thinks he has been ·sufficiently punished.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 281.]

Appeal from City Court of New York, Special Term.

In the matter of Panos Canakos for his release from imprisonment in the county jail for failure to pay a fine for contempt of court. ˙From an .order releasing Panos Canakos, Auguste L. Louis appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

S. S. Myers, for appellant.

S. A. Lowenstein, for respondent.

MacLEAN, J.   By virtue of an order dated February 18, 1908, the judgment debtor was fined the sum of $250, to be paid within 15 days from the service of a copy of said order, or be committed for disobedience of a prior order to appear and make discovery on oath concerning his property.   On February 28th, following, the debtor executed a chattel mortgage in the sum of $1,100 to one Peter George, and then, declaring his inability to pay the fine imposed, was committed to the county jail.   Thereafter he moved, even a second time, for his discharge under section 2286 of the Code of Civil Procedure, upon his own uncorroborated affidavit, uncorroborated even by a conclusory affidavit of·his attorney, that he is unable to pay the amount of his fine, and was discharged; the court in a memorandum saying:

"A judgment debtor who has languished 65 days in jail has been sufficiently punished for his failure to obey the mandate of the court."

But "there is no inherent power in the court to release a defendant merely as a matter of grace or mercy" (Moore v. McMahon, 20 Hun, 44, 45), and what is disclosed by the record and by the uncorroborated affidavit of the debtor was insufficient to justify his discharge under the Code (Matter of Steinert, 29 Hun, 301; Matter of Collins, 39 Misc. Rep. 753, 80 N. Y. Supp. 1119).

The order should therefore be reversed, and the debtor should be reimprisoned, unless he gives a sufficient bond to pay within 10 days after. service of a copy of this order, with notice of entry thereof.   All concur.